## Mary E. McIntosh and William Knapp, Trustee, v. Sylvia M. Ransom et al.

1. DECREES—*Power of the Appellate Court Over.*—Where it appears that the finding and decree of the trial court is unsupported by the evidence, it is the duty of the Appellate Court to set it aside.

**Bill to Cancel a Trust Deed.**—Appeal from the Circuit Court of Winnebago County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in this court at the December term, 1897. Reversed and remanded. Opinion filed February 28, 1898.

FROST & McEVOY, attorneys for appellants.

R. K. WELSH, attorney for appellees.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

Appellee Sylvia M. Ransom filed her bill in equity against appellants to cancel of record a trust deed made by her to William Knapp, as trustee, April 20, 1891, duly recorded, to secure, among other notes, one for $1,000, payable to the order of M. S. Parmele, due in five years from date, and assigned to appellant Mary E. McIntosh soon after its date, the money represented by the note having in fact been advanced by her for the purpose of being loaned to appellant, Parmele intervening as a mere broker. At the time the loan was made by Parmele he informed appellee Mrs. Ransom that it was so large, as compared with the value of the property mortgaged to secure it, that it

would be necessary for him, in order to procure the money, to become personally liable for the payment of the interest, whereupon appellee placed the property in his hands to collect the rents, and pay the interest on the loan, as the same might mature. Appellant Mary E. McIntosh took the note from the possession of Parmele after the completion of the loan, and at the maturity of the first interest applied to him with the note for payment, and the note thereafter remained in his possession. Appellee S. M. Ransom knew the note was owned by appellant. Before the note was due, November 20, 1894, she, without knowing the note was in Parmele's possession, paid to him $500, and after the maturity of the note paid the balance of the principal and interest to Parmele, who credited the first $500 so paid to him upon the note, but did not deliver it to appellee, still retaining it in his possession. Parmele failed to pay the money, so received by him, to appellant, and the trustee refusing to release the trust deed of record, the original bill was filed to compel its cancellation. Appellant Mrs. McIntosh answered the bill and filed her cross-bill to foreclose the trust deed, and upon the hearing, the evidence having been given orally before the court, the finding and decree was against appellant on both bills, from which she appeals to this court, and seeks a reversal of the decree dismissing her cross-bill and canceling the trust deed.

The note when produced at the hearing was in possession of the assignee of Parmele, who had assigned as an insolvent.

The chief contention in the trial court was one of fact, and the same is renewed here, and is as to whose agent Parmele was when he received the principal sums of money. It is first insisted that the chancellor occupies the position of the jury, and where the facts in issue are conflicting, his finding and decree will not be disturbed, except for error clear and palpable, and that a preponderance of the evidence is not alone sufficient to reverse. We recognize this principle, but see no reason to apply it to the case presented. Here there is little or no conflict of evidence, the question being what the established facts prove, and much as we

shall dislike to disagree with the learned chancellor who heard the case in the trial court, still if it shall appear to us the finding and decree is unsupported by the evidence, it will not, we think, be denied, this court must set it aside.

Counsel in their briefs and arguments have discussed the doctrines of ratification and estoppel clearly, earnestly and at length. These principles are well established and may well be regarded as elementary, and where the facts permit, are not difficult to apply. We do not dissent from the abstract principles as stated by counsel, but have examined the record in vain to find an established fact to which either doctrine applies.

We will therefore proceed to the question of fact as previously stated. The burden of proof was upon the appellee Sylvia M. Ransom, to prove that M. S. Parmele was the agent of appellant Mary E. McIntosh to receive payment of the note in question. The evidence from which such agency can be most reasonably inferred is the fact that Parmele loaned the money in the first instance in his own name, and after the maturity of the first interest, had and retained the possession of the note. Appellee knew the note was owned by Mrs. McIntosh, which would destroy the force of the first mentioned fact, and by her arrangement with Parmele to collect rents and pay interest, he thereby was the agent of appellee for that purpose, which explains the purpose of appellant for leaving the note with Parmele, and that deprives the latter mentioned fact of its weight, and the further circumstance, that the possession of the note in Parmele at the time the money was paid to him was unknown to appellee, clearly shows she did not rely upon such possession in making payment, and was not misled thereby, and renders the principle of estoppel inapplicable.

There was little or no direct evidence upon the point whether Mrs. McIntosh had conferred authority upon Parmele to collect the note. Objections to questions propounded to appellant, designed to elicit this fact, were sustained. Some of these questions were doubtless leading, and if this objection was urged to them in the trial court, it was prop-

erly sustained. We would be better satisfied, however, had the court permitted her to state what she said to Parmele on this subject, if anything, so that her testimony in this respect might have been considered with all the evidence, and given such weight as the chancellor thought it entitled. Without this testimony, however, we are of the opinion the evidence does not support the decree, and it will therefore be reversed and the cause remanded.

CRABTREE, P. J., dissents.